UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIANNA J. GRIFFIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:11CV1966 CDP ) |
| FRANCIS HOWELL SCHOOL DISTRICT, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before me on review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e). On December 6, 2011, I reviewed plaintiff's original complaint and found that it failed to state a claim upon which relief can be granted. Because plaintiff is proceeding pro se, I set forth the defects in the complaint and allowed plaintiff the opportunity to file an amended complaint. Because the amended complaint contains the same defects as the original complaint, I will dismiss this action without prejudice.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of her constitutional rights.  Named as defendants are the Francis Howell School District (the "District"), Amy Johnson (School Principal), Art Gockel (School Principal), and Brian Fisher (Science Teacher).  Plaintiff alleges that on April 11, 2006, when she was a minor, defendants Johnston, Gockel, and Fisher falsely accused her of being a drug dealer.  Plaintiff, who is African-American, says that drugs were found on two Caucasian students.  Plaintiff asserts that a police officer searched her for drugs, finding none.  Plaintiff asserts that, despite the fact that drugs were found on the Caucasian students and not her, she was the only person accused of being a drug dealer and the only person punished.  Plaintiff says that the incident led to her arrest

and detention in the Juvenile Justice Center. Additionally, plaintiff attempts to sue defendants on the theory of breach of fiduciary duty.[1]

## Discussion

Plaintiff's claim against the District is legally frivolous because it is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

The complaint is silent as to whether defendants Johnston, Gockel, or Fisher, are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must]

---

[1] Plaintiff, by and through her next friend and mother Elizabeth McCray, filed lawsuits based on the April 11, 2006, events on two previous occasions. On February 1, 2008, she filed a § 1983 suit against the defendants named in this action as well as the Sheriff's Department, the Juvenile Justice Center, various minor children, juvenile officers, attorneys, and judges. McCray v. N.D.B., 4:08CV198 CDP (E.D. Mo.). The Court dismissed that case without prejudice on March 7, 2008, because the complaint did not comply with this Court's local rules or the Federal Rules of Civil Procedure. On August 8, 2008, she filed a § 1983 suit against the School District, the St. Charles County Sheriff, and the Juvenile Justice Center. B.J.G. v. Francis Howell School Dist., 4:08CV1178 CDP (E.D. Mo.). On May 6, 2010, the Court dismissed that case with prejudice after finding that the School District and the Juvenile Justice Center were not proper defendants and, additionally, that the complaint failed to state a claim against the Sheriff. The Eighth Circuit Court of Appeals subsequently affirmed this Court's ruling. B.J.G. v. St. Charles County Sheriff, No. 10-2060, slip op. (8th Cir. Nov. 9, 2010). Neither plaintiff nor her mother were represented by counsel in either of the two previous lawsuits.

Additionally, simultaneously with the filing of the instant lawsuit, plaintiff filed two other lawsuits based on the April 11, 2006, events. In Griffin v. St. Charles County Sheriff's Dept., 4:11CV1967 CDP (E.D. Mo.), she brought suit against the Sheriff's Department and a Deputy Sheriff for their alleged role in her detention. And in Griffin v. Juvenile Justice Center, 4:11CV1968 CDP (E.D. Mo.), she brought suit against the Justice Center and two of its employees for their part.

interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Finally, plaintiff's claim for breach of fiduciary duty is not cognizable under § 1983 because it fails to state a constitutional violation.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. 4] is **DENIED** as moot.

An Order of Dismissal will be filed contemporaneously with this Memorandum and Order.

Dated this 19th day of January, 2012.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE